UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | |
|---|---|
| CURTIS D. RICHARDSON, ) | Civil Action No.: 4:08-cv-2597-RBH-TER |
| ) | |
| Plaintiff, ) | |
| ) | |
| -vs- ) | |
| ) | **REPORT AND RECOMMENDATION** |
| ) | |
| SOUTH CAROLINA DEPARTMENT OF ) | |
| CORRECTIONS, WILLIE EAGLETON, ) | |
| CAPTAIN ROGERS, ROBIN CHAVIS, ) | |
| individually and officially, ) | |
| ) | |
| Defendants. ) | |
| _____ ) | |

**I.      INTRODUCTION**

Plaintiff, who is proceeding pro se, was at all times relevant to the incidents set forth in his Complaint, housed at the Evans Correctional Institution (Evans). Plaintiff filed this action in state court in the Richland County Court of Common Pleas on June 17, 2008, and Defendants removed it to this Court on July 21, 2008.[1] Plaintiff alleges violations of his due process rights in connection with a disciplinary hearing at Evans.

Presently before the Court is Defendants' Motion to Dismiss, or, in the alternative, for Summary Judgment (Document # 14). Because he is proceeding pro se, Plaintiff was warned pursuant to Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975), that a failure to respond to the Motion could result in the dismissal of his claims. Plaintiff filed a Response (Document # 18) to the

---

[1] The undersigned notes that Plaintiff is "struck out" under the "three strikes" rule of 28 U.S.C. § 1915(g). "Strikes" have been entered in at least four (4) of Plaintiff's prior cases: Civil Action No. 4:06-3503-RBH-TER ("strike" entered on May 24, 2007), Civil Action No. 4:06-0453-RBH-TER ("strike" entered on June 14, 2006), Civil Action No. 4:05-1075-RBH-TER ("strike" entered on December 15, 2005), and Civil Action No. 4:04-1256-RBH-TER ("strike" entered on October 7, 2004).

Motion.

All pretrial proceedings in this case were referred to the undersigned pursuant to the provisions of 28 U.S.C. § 636(b)(1)(A) and (B) and Local Rule 73.02(B)(2)(d), DSC. Because this motion is potentially dispositive of Plaintiff's claims, this Report and Recommendation is entered for review by the district judge.

## II.    FACTS AND ALLEGATIONS

Plaintiff sets forth the following allegations in his Complaint:

> On May 20, 2008, I was told by Captain Rogers that if I did not plead guilty to an invalid disciplinary offense for assisting another inmate with his legal matters he would lock me up. Fearing this retaliatory punishment I pleaded guilty to this invalid offense and was sentenced to 90 days loss of visitation privileges and 90 days loss of my use of my I.D. card for canteen use, etc. This punishment was inflicted by violations of my right to be heard by the Disciplinary Hearing Officer and in retaliation for exercise of my constitutional rights.

Complaint at 1 (attached to Notice of Removal). Plaintiff seeks $10,000 in damages and that Defendants be ordered to pay all court costs.

Captain Guerry Rogers is the Administrative Hearing Officer at Evans. Rogers Aff. at ¶ 1. Rogers avers that on May 20, 2008, an officer charged Plaintiff with violation of a written rule pursuant to an incident in which Richardson authored a letter to another inmate's physician claiming to be his attorney-in-fact. Id. at ¶ 2. As the Administrative Hearing Officer, Rogers received the matter to set an Administrative Hearing. Id. The available evidence consisted of the charging officer's Incident Report and the letter Plaintiff authored. Id.

On May 23, 2008, Rogers held an administrative hearing. Id. at ¶ 3. During the hearing, Rogers told Plaintiff who charged him and what the charges were. Id. Rogers read the narrative provided on the Incident Report to show what the charging officer alleged, then listened to Plaintiff's

side of the story. Id. Rogers considered the evidence and imposed 90 days restriction of canteen and visitation. Id. Plaintiff initially stated that he did not agree with the sanctions imposed. Id.

Rogers then advised Plaintiff that he had the option to accept the sanctions imposed and plead guilty or not accept the sanctions imposed and have the matter referred to a Disciplinary Hearing Officer ("DHO") for a major hearing. Id. at ¶ 4. Since Richardson initially did not agree with the sanctions imposed, Rogers started to refer the matter to the DHO by writing "Refer to DHO" on both the Incident Report and Administrative Resolution form. Id. at ¶ 5. However, Richardson changed his mind, plead guilty and accepted the sanctions as imposed. Id. at ¶ 5.

Rogers then marked out "Refer to DHO" that he had written on the Incident Report and the initial writing of "Refer" on the Administrative Resolution form. Id. at ¶ 6. Richardson initialed Rogers' striking through the "Refer" notation and Richardson signed the Administrative Resolution form. Id. Richardson checked the box indicating that he accepted the decision. Id. Richardson's signature acknowledged his decision and waived the opportunity for the case to be referred to the DHO and all appellate rights. Id.

On June 4, 2008, Richardson filed a Step 1 grievance challenging his May 23, 2008, disciplinary conviction. Coleman Aff. at ¶ 3. The Inmate Grievance Coordinator advised Richardson that, according to SCDC Policy, the disposition of any disciplinary proceeding resulting in a guilty plea by an inmate or the acceptance of any informal or administrative resolution is a non-grievable issue. Id. Richardson's grievance was therefore denied. Id.

III. STANDARD OF REVIEW

The moving party bears the burden of showing that summary judgment is proper. Summary

judgment is proper if there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. Rule 56(c), FRCP; Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986). Summary judgment is proper if the non-moving party fails to establish an essential element of any cause of action upon which the non-moving party has the burden of proof. Celotex, 477 U.S. 317. Once the moving party has brought into question whether there is a genuine issue for trial on a material element of the non-moving party's claims, the non-moving party bears the burden of coming forward with specific facts which show a genuine issue for trial. Fed.R.Civ.P. 56(e); Matsushita Electrical Industrial Co., Ltd. v. Zenith Radio Corp., 475 U.S. 574 (1986). The non-moving party must come forward with enough evidence, beyond a mere scintilla, upon which the fact finder could reasonably find for it. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247-48 (1986). The facts and inferences to be drawn therefrom must be viewed in the light most favorable to the non-moving party. Shealy v. Winston, 929 F.2d 1009, 1011 (4th Cir. 1991). However, the non-moving party may not rely on beliefs, conjecture, speculation, or conclusory allegations to defeat a motion for summary judgment. Barber v. Hosp. Corp. of Am., 977 F.2d 874-75 (4th Cir. 1992). The evidence relied on must meet "the substantive evidentiary standard of proof that would apply at a trial on the merits." Mitchell v. Data General Corp., 12 F.3d 1310, 1316 (4th Cir. 1993).

Rule 56(e) provides, "when a motion for summary judgment is made and supported as provided in this rule, an adverse party may not rest upon the mere allegations or denials of the adverse party's pleading, but the adverse party's response, by affidavits or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial." See also Celotex, 477 U.S. at 324 (Rule 56(e) permits a proper summary judgment motion to be opposed by any of the kinds of evidentiary materials listed in Rule 56(c), except the mere pleadings themselves).

To raise a genuine issue of material fact, a party may not rest upon the mere allegations or denials of his pleadings. Rather, the party must present evidence supporting his or her position through "depositions, answers to interrogatories, and admissions on file, together with ... affidavits, if any." Id. at 322. See also Cray Communications, Inc. v. Novatel Computer Systems, Inc., 33 F.3d 390 (4th Cir. 1994); Orsi v. Kickwood, 999 F.2d 86 (4th Cir. 1993); Local Rules 7.04, 7.05, D.S.C.

**III.    DISCUSSION**

    **A.**    **42 U.S.C. § 1983**

Plaintiff brings this action pursuant to 42 U.S.C. § 1983. Section 1983 "'is not itself a source of substantive rights,' but merely provides 'a method for vindicating federal rights elsewhere conferred.'" Albright v. Oliver, 510 U.S. 266, 271, 114 S.Ct. 807, 127 L.Ed.2d 114 (1994), quoting Baker v. McCollan, 443 U.S. 137, 144, n. 3, 99 S.Ct. 2689, 61 L.Ed.2d 433 (1979). A legal action under § 1983 allows "a party who has been deprived of a federal right under the color of state law to seek relief." City of Monterey v. Del Monte Dunes at Monterey, Ltd., 526 U.S. 687, 707, 119 S.Ct. 1624, 143 L.Ed.2d 882 (1999). To be successful on a claim under § 1983, a plaintiff must establish two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. West v. Atkins, 487 U.S. 42, 48, 108 S.Ct. 2250, 101 L.Ed.2d 40 (1988).

    **B.**    **Personal Involvement of Defendants Eagleton and Chavis**

Plaintiff's Complaint fails to allege any specific facts against Eagleton or Chavis. In fact, these Defendants' names appear only in the caption to the case. Because Richardson has failed to set forth any facts which would support a claim against Defendants Eagleton and Chavis, these Defendants should be dismissed.

Furthermore, Eagleton and Chavis cannot be held liable under a theory of respondeat superior. Under the doctrine of respondeat superior, an employer or supervisor is not liable for the acts of their employees, absent an official policy or custom which results in illegal action. See Monell v. Department of Social Services, 436 U.S. 658, 694, 98 S.Ct. 2018, 56 L.Ed.2d 611 (1978); Fisher v. Washington Metro. Area Transit Authority, 690 F.2d 1133, 1142-43 (4th Cir.1982). Plaintiff states in his Response that Eagleton and Chavis are Rogers' supervisors and it has been brought to their attention that Rogers has used improper disciplinary procedures for years. However, Plaintiff has failed to present evidence or even allege that some official policy or custom resulted in the alleged due process violation. Thus, Eagleton cannot be held liable for any alleged violation by Rogers.

### C. "Persons" under 42 U.S.C. § 1983

Defendant SCDC argues that it is not a "person" under § 1983. Likewise, the other named Defendants argue that in their official capacities they are not "persons" under § 1983. In Will v. Michigan Dept. of State Police, 491 U.S. 58, 71 (1989), the United States Supreme Court stated that a suit brought against "a state official in his or her official capacity is not a suit against the official but rather is a suit against the official's office." Suits against officials in their official capacity are simply another way of pleading an action against the entity for which the official is an agent. Id. Additionally, states and state agencies are not "persons" as defined by 42 U.S.C. §1983 and therefore are not subject to suit under section 1983. Id. Therefore, Plaintiff's claims are barred against the SCDC and the other Defendants in their official capacities.

### D. Due Process Violation

Plaintiff essentially alleges that his due process rights were violated because he was forced

to plead guilty in front of the Administrative Hearing Officer rather than go before the Disciplinary Hearing Officer (DHO). Plaintiff alleges that Rogers told him that if he went before the DHO, the DHO would lock him up.

In Wolff v. McDonnell, 418 U.S. 539, 563-66, 94 S.Ct. 2963, 41 L.Ed.2d 935 (1974), the United States Supreme Court addressed the due process rights of prisoners during disciplinary proceedings. The Supreme Court enumerated the following five procedural safeguards which are required in a prison disciplinary proceeding: (1) the right to appear before an impartial decision-making body; (2) written notice of the charges 24 hours in advance of the disciplinary hearing; (3) an opportunity to call witnesses and present documentary evidence, provided the presentation of such does not threaten institutional safety or correctional goals; (4) assistance from an inmate representative if charged inmate is illiterate or if complex issues are involved; and (5) a written decision by the fact-finder as to the evidence relied upon and the rationale behind the disciplinary tribunal's conclusion.

The Due Process Clause applies when government action deprives an individual of a legitimate liberty or property interest. See Board of Regents v. Roth, 408 U.S. 564, 570, 92 S.Ct. 2701, 33 L.Ed.2d 548 (1972). Thus, the first step in analyzing a procedural due process claim is identifying whether the alleged deprivation impacts such a protected interest. See Beverati v. Smith, 120 F.3d 500, 502 (4th Cir.1997); Mallette v. County Employee's Retirement System II, 91 F.3d 630, 634 (4th Cir.1996). For lawfully convicted inmates, the Due Process Clause "confers only a very limited range of protected liberty" and "its substantive protection extends only to punishment and conditions of confinement not contemplated by the original prison sentence." Beverati v. Smith, 120 F.3d 500, 502 (4th Cir.1997). However, for prisoners, "[s]tates may under certain circumstances

create liberty interests which are protected by the Due Process Clause." Sandin v. Conner, 515 U.S. 472, 483-84, 115 S.Ct. 2293, 132 L.Ed.2d 418 (1995).

After Plaintiff plead guilty to the violation, Rogers imposed 90 days restriction of canteen and visitation. The Fourth Circuit has recognized that "there is no absolute right to prison visitation," White v. Keller, 438 F.Supp. 110, 114 (D.Md.1977), aff'd 588 F.2d 913 (4th Cir.1978), nor is there a "constitutional right to prison visitation, either for prisoners or visitors," id. at 115. The Supreme Court has found that "[t]he denial of prison access to a particular visitor 'is well within the terms of confinement ordinarily contemplated by a prison sentence.' " Ky. Dep't of Corr. v. Thompson, 490 U.S. 454, 461, 109 S.Ct. 1904, 104 L.Ed.2d 506 (1989) (citing Hewitt v. Helms, 459 U.S. 460, 468, 103 S.Ct. 864, 74 L.Ed.2d 675 (1983)); see also Dunford v. McPeak, 2008 WL 204481, *2 (W.D.Va. Jan.24, 2008) (finding that the loss of prison visitation privileges is within the normal range of custody and therefore not creating a liberty interest under Sandin). Additionally, canteen access is not a protected liberty interest. See e.g. Madison v. Parker, 104 F.3d 765, 769 (5th Cir.1997) (holding that commissary restrictions did not entitle inmate to due process protections during disciplinary proceeding). Therefore, Plaintiff's loss of visitation and canteen privileges does not raise due process concerns.

### E. Qualified Immunity

Defendants also assert that they are entitled to qualified immunity in their individual capacities. The Supreme Court in Harlow v. Fitzgerald, 457 U.S. 800, 102 S.Ct. 2727, 73 L.Ed.2d 396 (1982), established the standard which the court is to follow in determining whether the defendant is protected by this immunity. That decision held that government officials performing discretionary functions generally are shielded from liability for civil damages insofar as their conduct

does not violate clearly established statutory or constitutional rights of which a reasonable person would have known. Harlow, 457 U.S. at 818.

In addressing qualified immunity, the United States Supreme Court has held that "a court must first determine whether the plaintiff has alleged the deprivation of an actual constitutional right at all and, if so, proceed to determine whether that right was clearly established at the time of the alleged violation." Wilson v. Layne, 526 U.S. 603, 609, 119 S.Ct. 1692, 143 L.Ed.2d 818 (1999); see also Suarez Corp. Indus. v. McGraw, 202 F.3d 676, 685 (4th Cir.2000). Further, the Supreme Court held that "[d]eciding the constitutional question before addressing the qualified immunity question also promotes clarity in the legal standards for official conduct, to the benefit of both the officers and the general public." Wilson, 526 U.S. at 609. If the court first determines that no right has been violated, the inquiry ends there "because government officials cannot have known of a right that does not exist." Porterfield v. Lott, 156 F.3d 563, 567 (4th Cir.1998). As discussed above, Plaintiff has failed to present sufficient evidence to support his constitutional violation allegations.

Assuming arguendo that Plaintiff has presented sufficient evidence of a constitutional violation, Defendants Eagleton and Chavis are entitled to qualified immunity from suit.

In Maciariello v. Sumner, 973 F.2d 295 (4th Cir.1992), the Fourth Circuit Court of Appeals further explained the theory of qualified immunity:

> Governmental officials performing discretionary functions are shielded from liability for money damages so long as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known. Moreover, there are two levels at which the immunity shield operates. First, the particular right must be clearly established in the law. Second, the manner in which this right applies to the actions of the official must also be apparent. Officials are not liable for bad guesses in gray areas; they are liable for transgressing bright lines.

Maciariello, 973 F.2d at 298. Defendants Eagleton and Chavis have not transgressed any "bright

lines" of constitutional conduct and, as such, are entitled to qualified immunity. However, Defendant Rogers would not be entitled to qualified immunity if, as alleged by Plaintiff, he routinely ignored due process protections and failed to provide proper disciplinary hearings. Nevertheless, as discussed in detail above, Plaintiff has failed to create a genuine issue of material fact as to whether a constitutional violation has occurred. Accordingly, summary judgment is appropriate as to the claims asserted against Rogers despite the lack of qualified immunity.

## V. CONCLUSION

For the reasons set forth above, it is recommended that Defendants' Motion to Dismiss, or, in the alternative, for Summary Judgment (Document # 14) be granted pursuant to Rule 56, Fed.R.Civ.P., and this case be dismissed in its entirety.

s/Thomas E. Rogers, III<br>
Thomas E. Rogers, III<br>
United States Magistrate Judge

August 10, 2009
Florence, South Carolina

**The parties are directed to the important notice on the following page.**